FILED

**NOT FOR PUBLICATION**

AUG 15 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| XIANG DA HUANG, | No. 11-72262 |
| Petitioner, | Agency No. A099-471-793 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 13, 2013**
San Francisco, California

Before: HAWKINS, THOMAS, and McKEOWN, Circuit Judges.

Petitioner Xiang Da Huang, a native and citizen of China, petitions for

review of the Board of Immigration Appeals' ("BIA") decision affirming the

Immigration Judge's ("IJ") denial of asylum and withholding of removal. Huang

waives any challenge of the BIA's decision affirming the IJ's denial of protection

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Huang has never challenged the IJ's specific reasons for finding him not credible. Rather, Huang concedes that there were inconsistencies in his testimony, but blames them on translation error. Contrary to what Huang argues, the record does not show any problems with the translation at his May 2009 hearing. Huang does not show any translation errors, and he points to no indication that he had difficulty understanding the proceedings. *See Perez-Lastor v. INS*, 208 F.3d 773, 778 (9th Cir. 2000). In fact, Huang expressed twice that he understood the interpreter. Accordingly, Huang's explanation for his inconsistent testimony fails.

Because Huang never challenged the specific bases for the IJ's adverse credibility determination, any such challenge is not exhausted and we do not have jurisdiction to consider it. *Zara v. Ashcroft*, 383 F.3d 927, 930 (9th Cir. 2004); 8 U.S.C. § 1252(d)(1). Even if Huang had properly exhausted such a challenge, the IJ articulated specific cogent reasons, supported by substantial evidence, for questioning Huang's assertions of past and future persecution. *Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir. 2007). Huang testified inconsistently about whether he was in hiding before he left China. Huang also testified inconsistently about whether he feared sterilization if he returns. Although, under the REAL ID Act,

inconsistencies need not go to the heart of the applicant's claim, the inconsistencies here are at the crux of Huang's claims.[1] *Shrestha v. Holder*, 590 F.3d 1034, 1039–45 (9th Cir. 2010). The IJ properly determined that Huang failed to meet his burden of proof in demonstrating past persecution on account of "other resistance" to China's coercive population control program or an objectively reasonable fear of future persecution. *See Nai Yuan Jiang v. Holder*, 611 F.3d 1086, 1094–95 (9th Cir. 2010).

Huang's due process claim, reviewed de novo, *Padilla v. Ashcroft*, 334 F.3d 921, 923 (9th Cir. 2003), lacks merit. As already explained, nothing in the record shows that there were any translation errors, or that Huang had difficulty understanding the proceedings. *See Perez-Lastor*, 208 F.3d at 778. Huang received a full and fair hearing, and even if there were inadequacies, Huang has not shown that they were prejudicial. *Id.* at 777.

Finally, the IJ's statements at the May 2008 hearing that he was inclined to grant Huang's application for withholding of removal if certain conditions were

---

[1] The BIA's decision contradicted itself concerning the applicability of the REAL ID Act. Although there was some dispute in the immigration court proceedings about the exact date Huang submitted his asylum application, he clearly submitted his application after May 11, 2005 because he did not enter the United States until April 3, 2006. Therefore, the REAL ID Act governs. *Shrestha v. Holder*, 590 F.3d 1034, 1040 (9th Cir. 2010); REAL ID Act of 2005, Pub. L. No. 109–13, Div. B, tit. I, § 101(h)(2), 119 Stat. 231.

met did not constitute a binding decision. Those statements could not immunize Huang from the subsequent effect of *Matter of J-S-*, 24 I. & N. Dec. 520 (A.G. 2008), which rejected the per se rule that an applicant may qualify for withholding of removal based solely on a spouse's forced sterilization, and altered the outcome of Huang's case. The BIA did not address this issue, and normally we remand to allow the BIA to consider issues in the first instance. *INS v. Ventura*, 537 U.S. 12, 16 (2002) (per curiam). However, we decline to remand here because (1) we are affirming the agency's denial of relief, (2) the IJ recognized the comments at the May 2008 hearing when he denied relief, and (3) Huang has not made any showing that the comments at the May 2008 hearing were a binding decision entitling him to relief. *See Halim v. Holder*, 590 F.3d 971, 979–80 (9th Cir. 2009).

**PETITION DENIED.**